IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| ASHLEY BALLEW §<br>§<br>§<br>§<br>  Plaintiff, §<br>§<br>V. §<br>§<br>§ Civil Action No:<br>UNITED PARCEL SERVICE, INC. §<br>§<br>§<br>§<br>§<br>  Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES ASHLEY BALLEW ("Plaintiff"), and file this, Original Complaint for Damages, complaining of UNITED PARCEL SERVICE, INC. ("Defendant"), and alleges as follows:

### I.
### NATURE OF THE ACTION

1. This action is brought to remedy claims of employment discrimination based on gender pursuant to Title VII of the 1964 Civil Rights Act.

2. Plaintiff seeks actual and compensatory damages, punitive damages, and other appropriate legal and equitable relief.

## II.

## PARTIES

3. Plaintiff is at all times relevant to this lawsuit been a resident of Fountain Inn, Greenville County, State of South Carolina.

4. Defendant United Parcel Service, Inc. is headquartered in Sandy Springs, GA but operates a facility in South Carolina and may be served by serving its registered agent Corporation Service Company located at 1703 Laurel Street, Columbia, SC 29201.

## III.

## JURISDICTION AND VENUE

5. Plaintiff has been discriminated against because of her gender. Defendants conduct is in violation of Title VII of the Civil Rights Act. The jurisdiction of this Court is invoked by Plaintiff pursuant to 42 U.S.C. §2000(e) *et. seq.*, 42 U.S.C. §1981, §1983, and 28 U.S.C. §1367, the Court's Supplemental Jurisdiction.

6. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the unlawful employment practice about which Plaintiff complains was committed in this district.

## IV.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of discrimination based on gender.

8. The EEOC issued a Right to Sue Letter to Plaintiff, which is attached as Exhibit A.

9. Plaintiff files this Complaint within ninety (90) days after receiving notice of Right to Sue letter from the EEOC.

## V.

## FACTUAL ALLEGATIONS

10. Plaintiff has been a dedicated full time, full paid driver for over 20 years with a long history of excellent performance evaluations. Sadly, she lost both her parents to terminal illnesses and had to hospitalize her son all in the span of a year or so. These events required her to take FMLA. Even so, the stress was too much, and she eventually informed her supervisor at UPS that she would have to quit. Plaintiff quit UPS on September 26, 2016. After a week, Plaintiff realized she did not want to quit, informed her supervisor of same and UPS hired her back on October 5, 2016.

11. However, Plaintiff was not hired back to her previous position, instead she was demoted to the bottom rung of the employment ladder and designated as holiday help part time, a position paying only $11 per hour. This continued for almost 6 months until Plaintiff was promoted to back up driver, a position paying $24 per hour. UPS refused to reinstate Plaintiff to her prior position and salary, despite repeated requests to do so.

12. Plaintiff then discovered that two male employees, Tony Johnson and Rudy Clark had both quit UPS, had both been gone for much longer than one week and when UPS hired them back, they were immediately reinstated to their prior positions with no reduction in title, pay or benefits. This is a deliberate and intentional act of gender discrimination.

13. Plaintiff has repeatedly raised this issue with UPS only to be wholly ignored.

14. This is systematic and pervasive gender discrimination against Plaintiff.

**VI.**

**CAUSES OF ACTION**

**COUNT 1 – DISCRIMINATION UNDER TITLE VII**

15. The allegations contained in Paragraphs 1-14 are incorporated herein by reference, the same as fully set forth verbatim.

16. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely a female who was discriminated against on the basis of her gender.

17. Defendant is an employer within the meaning of Title VII.

18. Prior to filing this lawsuit, Plaintiff complied with all the procedural prerequisites to the filing of a lawsuit under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C §2000(e) *et. seq.*, by filing a timely charge of employment discrimination with the EEOC.

19. On October 10, 2017, the EEOC, issued a Dismissal and Notice of Rights.

20. In discriminating against Plaintiff without cause because of her gender, Defendant violated Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000(e), *et. seq.*, for which violation Plaintiff seeks relief under said statute.

**COUNT 2 – FAILURE TO PROMOTE UNDER TITLE VII**

21. The allegations contained in Paragraphs 1-20 are incorporated herein by reference, the same as fully set forth verbatim.

22. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely, a female who was discriminated against on the basis of her gender.

23. Defendant is an employer within the meaning of Title VII.

24.     Prior to filing this lawsuit, Plaintiff complied with all the procedural prerequisites to the filing of a lawsuit under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C §2000(e) *et. seq.*, by filing a timely charge of employment discrimination with the EEOC.

25.     On October 10, 2017, the EEOC, issued a Dismissal and Notice of Rights.

26.     In discriminating against Plaintiff without cause because of her gender, Defendant violated Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000(e), *et. seq.*, for which violation Plaintiff seeks relief under said statute.

27.     As a direct and proximate result of such discrimination on the basis of her gender, Defendant has violated Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000(e), *et. seq.*, for which violation Plaintiff seeks relief under said statute.

### COUNT 3 – DISPARATE PAY UNDER TITLE VII

28.     The allegations contained in Paragraphs 1-27 are incorporated herein by reference, the same as fully set forth verbatim.

29.     Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely, a female who was discriminated against on the basis of her gender.

30.     Defendant is an employer within the meaning of Title VII.

31.     Prior to filing this lawsuit, Plaintiff complied with all the procedural prerequisites to the filing of a lawsuit under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C §2000(e) *et. seq.*, by filing a timely charge of employment discrimination with the EEOC.

32.     On October 10, 2017, the EEOC, issued a Dismissal and Notice of Rights.

33.     In discriminating against Plaintiff without cause because of her gender, Defendant violated Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000(e), *et. seq.*, for which

violation Plaintiff seeks relief under said statute.

34. Defendant discriminated against Plaintiff without cause based on her gender by paying Plaintiff significantly less money than similarly situated male employees. Disparity in pay continues to the present time with the Plaintiff receiving far less compensation than her male counterparts.

35. As a direct and proximate result of such discrimination, Plaintiff has lost substantial income and continues to lose the same, Plaintiff's earning capacity has been diminished by the same and Plaintiff has sustained embarrassment, humiliation and mental anguish because of the repeated failure of Defendant to properly pay her and to discriminate against her in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000(e), *et. seq.*, for which violation Plaintiff seeks relief.

### COUNT 4 - RATIFICATION

36. The allegations contained in Paragraphs 1-35 are incorporated herein by reference, the same as fully set forth verbatim.

37. Plaintiff was injured by employees of Defendant.

38. The employees committed discriminatory acts and retaliation while working on behalf of Defendant.

39. Defendant approved the acts by word, conduct and acts by not doing anything to prevent the gender discrimination and allowing it to go on unabated even after they had full knowledge of the gender discrimination.

40. Clearly the Defendant approved of the employees actions and words because they gave validity to them by not doing anything to stop the discrimination even though it was repeatedly reported to Defendant.

## VII.
## LIQUIDATED DAMAGES

41. Plaintiff requests an award of liquidated damages pursuant to 29 U.S.C. § 216(b) including without limitation, the payment of wages lost and an additional equal amount as liquidated damages for Defendant's violation of the Fair Pay Act and for such legal or equitable relief as may be appropriate.

## VIII.
## ATTORNEYS' FEES

42. Defendant's wrongful conduct has made it necessary for Plaintiff to retain the undersigned attorneys to represent her in bringing and prosecuting this action, and, if necessary, for legal representation in appeal. Plaintiff therefore seeks recovery of all reasonable attorneys' fees and costs pursuant to Title VII, 42 U.S.C. §2000e-5(k).

## IX.
## PRAYER

43. As a direct and proximate result of Defendant's unlawful and discriminatory actions, Plaintiff has suffered injuries for which she seeks monetary compensation in the following non-exclusive areas:

   a. Judgment for past and future mental anguish, anxiety, emotional distress, humiliation, and injury to reputation;

   b. Judgment for actual damages in the amount of past and future back pay, loss of earnings and benefits, sick and/or annual leave and loss of earning capacity;

   c. In the alternative, liquidated damages for Defendants willful violation of Plaintiff's federally-protected rights under the EPA;

   d. Punitive damages in an amount to be determined by the trier of fact;

   e. Pre-judgment and post-judgment interest at the maximum legal rate;

  f. Reasonable attorneys' fees under Title VII, 42 U.S.C. §2000e-5(k); and,

  g. All costs of court; and,

  h. All other relief to which Plaintiff may be entitled.

Dated:  January 8, 2018.

        Respectfully submitted,

        THE CLARDY LAW FIRM, P.A.

        /s/ B. Allen Clardy, Jr.
        **B. Allen Clardy, Jr.**
        (Fed Bar No. 6515)
        **David W. Hartman**
        (Fed Bar No. 9274)

        1001 E. Washington St.
        Greenville, SC 29601
        (864) 233-8888
        (864) 233-8889 fax
        Allen@theclardylawfirm.com
        David@theclardylawfirm.com